Williams-, Judge,
delivered the opinion of the court:
The plaintiff enlisted in the United States Army at Fort Shatter, Hawaii, March 10, 1927, and was honorably dis *53 charged from Fort Bragg, North Carolina, on March 9, 1930.. Plaintiff reenlisted in the Army the day following his discharge and made no request for transportation in kind to the place of his enlistment, and performed no travel.
Upon his discharge on March 9,1930, the plaintiff received travel pay at the rate of five cents per mile from Fort Bragg, North Carolina, to New York City, a distance of 563 miles, and from Honolulu to Fort Shafter, a distance of three miles, amounting in all to $28.30.
He claims he was entitled to be paid five cents a mile from Fort Bragg to San Francisco, California, a distance of 3,224 miles, amounting to $161.20. He brings suit to recover the difference between the travel pay received by him from Fort Bragg to New York, and the travel pay he would have received based on a computation of pay from Fort Bragg to San Francisco, $133.05.
Both the plaintiff and the defendant agree that the plaintiff is entitled to travel pay under the act of September 22, 1922 (42 Stat. 1021), which reads:
“ Hereafter an enlisted man discharged from the Army, Navy, or Marine Corps, except by way of punishment for an offense, shall receive 5 cents per mile for the distance from the place of his discharge to the place of his acceptance for enlistment, enrollment, or muster into the service: Provided, That for sea travel involved in travel between place of discharge and place of acceptance for enrollment, enlistment, or muster into the service only transportation in kind and subsistence en route shall be allowed: * * * ”
Paragraph 4 (b) 1 of Army Begulations No. 30, 1195, October 1, 1927, provides:
“ An enlisted man who enlisted in the military service at an oversea port or station is entitled to transportation in kind and subsistence upon an Army transport from the transport port nearest place of his discharge to the port nearest the place of enlistment, provided application is made within 30 days after his discharge from the military service. Authority for such transportation and subsistence will be issued by the officer in charge at the port of embarkation upon presentation of discharge papers.”
The provision of the act of September 22, 1922, fixing the travel pay allowance for enlisted men of the Army upon *54 their discharge is perfectly plain, it seems to us, and no difficulty need be encountered in interpreting its intent, and meaning. In plain understandable words it says in effect that an enlisted man is entitled to five cents a mile for the distance between the place of discharge and the place of enlistment, except as to that portion of the distance where sea travel is involved, for which portion of the journey he shall be allowed only transportation in kind, together with subsistence en route. The provision of the Army regulations that “ an enlisted man who enlisted in the military service at an oversea port or station is entitled to transportation in kind and subsistence upon an Army transport from the transport port nearest place of his discharge to port nearest the place of enlistment ” is not inconsistent with the statute and therefore has the force of law. United States v. Grimaud, 220 U.S. 506.
Had the plaintiff upon his discharge desired to return to the point of his enlistment, and the actual travel been performed, transportation by Army transport from New York to Honolulu would unquestionably have been furnished to him. In that case he would have received the five cents a mile travel pay only from Fort Bragg to New York, 568 miles, and from Honolulu to Fort Shafter, three miles. He has been paid upon that basis. The fact that he did not make application for the transport transportation in kind, and that it was not furnished to him, and that he did not in fact actually travel to the point of his enlistment, does not, under a reasonable construction of the statute and regulations, entitle him to travel allowance computed by a route different from the one he would have taken had he made the trip.
Plaintiff is not entitled to recover and the petition is dismissed.
Whaley, Judge; Littleton, Judge; and GREEN, Judge, concur.
Booth, Olvief Justice, took no part in this decision on account of illness.